**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

VICTOR HUGO ONORATO-CRUZ,

Petitioner,

v. Action No. 2:26cv573

JEFFREY CRAWFORD,
Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the *pro se* 28 U.S.C. § 2241 petition of petitioner Victor Hugo Onorato-Cruz ("Onorato-Cruz"), a detainee of United States Immigration and Customs Enforcement ("ICE"). ECF No. 1. Onorato-Cruz submitted his petition while detained at the Farmville Detention Center in Farmville, Virginia, seeking release from ICE custody or a fair bond hearing. *Id.* at 1, 8. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Civil Rules. ECF No. 5.

For the reasons discussed below, it is hereby **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Onorato-Cruz, a native and citizen of Guatemala, entered the United States in 2000. ECF No. 1, at 7; ECF No. 10-2, at 2. Onorato-Cruz was taken into ICE custody on March 19, 2025.

*Id.* at 5. On April 15, 2025, an immigration judge denied Onorato-Cruz bond pending the resolution of his removal proceedings as Onorato-Cruz presented a danger to the community. ECF No. 8, at 2; ECF No. 8-1. On May 21, 2025, following a second hearing before an immigration judge, Onorato-Cruz was again denied bond following a determination that he remained a danger to the community. ECF No. 8, at 2; ECF No. 8-2.

On October 2, 2025, an immigration judge denied Onorato-Cruz's applications for asylum, withholding of removal under the Immigration and Nationality Act, and withholding and deferral of removal under the Convention Against Torture and ordered him removed to Guatemala. ECF Nos. 10-1, 10-2. On June 16, 2026, the Board of Immigration Appeals ("BIA") dismissed the appeal of Onorato-Cruz' removal order. ECF No. 10-3.

On June 5, 2026, while his removal order was on appeal to the BIA and while he was detained at the Farmville Detention Center in Farmville, Virginia, Onorato-Cruz submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Onorato-Cruz alleges that he has been unlawfully detained without a bond hearing and seeks release from ICE custody or a fair bond hearing. *Id.* at 6–8.

## II. LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or

duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

As a threshold matter, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Onorato-Cruz's detention. *See Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

## III. <u>ANALYSIS</u>

This Court lacks jurisdiction over Onorato-Cruz' petition because there is no longer a live case or controversy. U.S. Const. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011). For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions: "an injury in fact," "caused by the 'conduct complained of,' and that 'will be redressed by a favorable decision.'" *Id.*

This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'")). If at any point a litigant fails to meet any of the three criteria for standing, then there is no case or controversy, and the issue becomes moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

Onorato-Cruz indicates in his petition that he is being held without a bond hearing and he has been unlawfully detained pending his removal proceedings. ECF No. 1, at 6. He requested that he be released from custody or be given a fair bond hearing. *Id.* at 8.

Onorato-Cruz's removal order is now final. Title 8 of the United States Code, section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). When a removal order becomes final, the "removal period" commences and section 1231 provides that, "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(1)–(2). Detention during the removal period is presumptively reasonable for the first six months after the removal period becomes administratively final. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Onorato-Cruz is subject to a final order of removal rendering his petition moot. There is, therefore, no injury caused by respondents that can be redressed by this Court, and the case is no longer justiciable under Article III. *See Doe v. Perry*, No. 1:21cv1364, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022); *Gonzalez v. Crawford*, No. 3:26cv107, 2026 WL 1647413, at *2 (E.D. Va. June 8, 2026). Because Onorato-Cruz is subject to detention pursuant to 8 U.S.C. § 1231(a)(2), his section 2241 petition seeking a bond hearing or release from custody does not present a case or controversy that this Court can address.

## III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report

is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

RJK /s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 17, 2026

**Clerk's Mailing Certificate**

The Clerk's office will forward a copy of this order to counsel of record for respondent.

A copy of this order shall also be mailed to Habib at his last known address:

Victor Hugo Onorato-Cruz
240 399 950
Farmville Detention Center
P.O. Box N
Farmville, VA 23901

Laura Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

July 17, 2026