**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

VICTOR HUGO ONORATO-CRUZ,

Petitioner,

v.

JEFFREY CRAWFORD, *et al.*,

Respondents.

Case No. 2:26-cv-573

**OPINION & ORDER**

Petitioner Victor Hugo Onorato-Cruz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from Immigration and Customs Enforcement (ICE) custody or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). ECF No. 1.[1] At the time he submitted the request, the petitioner was entitled to a § 1226(a) bond hearing. But the government has now secured a final order of removal for the petitioner, so the standard under *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies instead. The petitioner does not satisfy that standard, so the petition will be denied.

## I. BACKGROUND

ICE arrested the petitioner on March 19, 2025, and he has been in government custody ever since. ECF No. 1 at 5. The government issued a removal order for the petitioner on October 2, 2025. *Id.* at 5. On June 5, 2026, the petitioner submitted a

[1] The petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and the Clerk's Office is **DIRECTED** to file the petition (ECF No. 1).

motion for a writ of habeas corpus, seeking immediate release or a new bond hearing.[2] Eleven days later, on June 16, 2026, the Board of Immigration Appeals dismissed the petitioner's appeal of his final removal order. ECF No. 10-3.

The respondents moved to dismiss the petition because, once the petitioner's removal order became final, he was detained under 8 U.S.C. § 1231 and not entitled to a bond hearing. ECF No. 9 (motion); *see* ECF No. 10 (memorandum). The Honorable Robert J. Krask reviewed this case and recommended that the Court grant the respondents' motion to dismiss and deny the petition. ECF No. 12.[3] The petitioner

---

[2] The respondents provided proof that the petitioner received two bond hearings—on April 15, 2025, and May 21, 2025. ECF Nos. 8-1 (April), 8-2 (May). The petitioner asserts that he also had a bond hearing on March 26, 2026, wherein he was denied release because the immigration judge erroneously concluded the Immigration Court lacked jurisdiction. *See* ECF No. 16 at 3 (petitioner asserting that the respondents failed to inform the Court about the March hearing). The Court assumes that the petitioner's assertion is accurate and that there was a third bond hearing. That does not change the outcome here, which flows from the existence of a final removal order.

[3] The respondents suggest—and the R&R finds—that the final removal order renders the petition moot. ECF No. 10 at 1; ECF No. 12 at 4. That is not quite right. A controversy becomes moot when "events subsequent to the commencement of the action resolve the dispute," such that no further relief is required. *Genesis Healthcare, Inc. v. Becerra*, 39 F.4th 253, 259 (4th Cir. 2022); *see DeFunis v. Odegaard*, 416 U.S. 312 (1974). A claim is not moot merely because events that arise after its filing change the legal analysis and result in denial of the relief requested.

Here, the petition seeks a writ under both 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. ECF No. 1 at 2, 6. He is not entitled to relief under either theory, for the reasons articulated in line above. But neither claim is moot, because the petitioner remains in federal custody. *Cf. Gonzales v. Hidalgo, et al.*, 2:26-cv-822, ECF No. 8 (E.D. Va. Aug. 13, 2026) (denying and dismissing a § 2241 petition as moot because the petitioner was no longer in government custody); *Azogan v. Blanche, et al.*, 2:26-cv-598, ECF No. 17 (Aug. 19, 2026) (same).

Because the petition is not moot—it merely fails on the merits—the Court will deny the respondents' motion to dismiss and adopt the R&R with modifications.

filed a motion for summary judgment and an objection to the Report and Recommendation. ECF Nos. 15, 16.[4]

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendations

When a party files a written objection to a magistrate judge's report and recommendation, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Habeas Corpus Under 28 U.S.C. § 2241

Federal courts are authorized to issue a writ of habeas corpus to an individual who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context

---

[4] The petitioner submitted a motion for leave to file his summary judgment request out of time. ECF No. 14. Since there was no motions deadline in this case, the Court will grant the petitioner's request and consider the summary judgment filing. However, the motion for summary judgment and the objection to the R&R are identical, except that the objection includes a letter from a Facilities Operations official at the detention center whether the petitioner is housed, verifying that the petitioner has no disciplinary infractions. *Compare* ECF No. 15 *with* ECF No.16; *but see* ECF No. 16 at 9.

The summary judgment motion advances the same position as the original habeas petition, so the Court must deny both for the reasons outlined in this Opinion and Order.

that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-CV-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted).

Pursuant to the Due Process Clause of the Fifth Amendment, no *person* shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V (emphasis added). The Due Process Clause extends to *all* persons, including "aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "As the Supreme Court has recognized, 'habeas corpus in the federal courts provides a mode for the redress of denials of due process of law. Vindication of due process is precisely its historic office.'" *Castaneda v. Perry*, 95 F.4th 750, 762 (4th Cir. 2024) (citing *Fay v. Noia*, 372 U.S. 391, 402 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

However, the Immigration and Nationality Act *requires* detention under some circumstances. Specifically, after an order of removal becomes final, the Attorney General "shall detain" the person subject to that order during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Additionally, detention is presumptively reasonable for up to six months after a removal order becomes final. *Id.*

## III. ANALYSIS

The Court reviews the petitioner's claims *de novo*. *See* 28 U.S.C. § 636(b)(1).[5] Before June 16, 2026, the Court would have concluded that the petitioner was entitled to a bond hearing, because he was detained under 8 U.S.C. § 1226. *See Ceba Cinta v. Noem*, et al., No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025); ECF No. 8 at 1–2 (respondents conceding that "there are no material legal differences between [] *Ceba Cinta*[] and the present case" and that this case differs factually from *Ceba Cinta* only insofar as the petitioner is now subject to a final removal order). But now that he is subject to a final removal order, the analysis changes. Now, the Attorney General is *required* to detain the petitioner until September 14, 2026, unless the petitioner is removed from the United States before then. *See* 8 U.S.C. § 1231(a)(2). Therefore, the petitioner is not presently entitled to a bond hearing or immediate release.[6]

## IV. CONCLUSION

The respondents' motion to dismiss (ECF No. 9) is **DENIED**.

[5] The petitioner does not appear to dispute the R&R's conclusion that the final removal order renders his detention mandatory, but he does still seek a bond hearing or immediate release. *See* ECF No. 16 at 8. Therefore, out of deference to the petitioner's pro se status, the Court will construe the objection to apply to the entirety of the R&R.

[6] Detention will be presumptively reasonable under the Due Process Clause until December 16, 2026. *See Zadvydas*, 533 U.S. at 683. If the petitioner remains in custody after that that date, he *may* be entitled to relief if he demonstrates "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (government required to rebut such a showing).

The petitioner's request for leave to file a late motion for summary judgment (ECF No. 14) is **GRANTED**, but the motion for summary judgment (ECF No. 15) is **DENIED**.

The petitioner's objections (ECF No. 16) to the Honorable Robert J. Krask's Report and Recommendation are **OVERRULED**, and the R&R (ECF No. 12) is **ADOPTED WITH MODIFICATIONS** as described herein.

The petition for a writ of habeas corpus (ECF No. 1) and the motion to appoint counsel (ECF No. 3) are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 19, 2026